IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Eiser Infrastructure Limited, | |
| Kajaine House 57-67 High Street Edgware, England HA8 7DD | |
| Energia Solar Luxembourg S.A.R.L., | |
| Avenue J.F. Kennedy 46 a 1855, Luxembourg, Luxembourg, | |
| *Petitioners*, | Civil Action No. _____ |
| v. | |
| Kingdom of Spain, | |
| Abogacia General del Estado Calle Ayala, 5 28001 - Madrid Spain | |
| *Respondent*. | |

**Petition to Enforce Arbitral Award**

Petitioners Eiser Infrastructure Limited and Energia Solar Luxembourg S.A.R.L.

("Eiser") bring this action to enforce an arbitral award (the "Award") issued on May 4, 2017 in

ICSID Case No. ARB/13/36 against Respondent, the Kingdom of Spain ("Spain"), following

arbitration proceedings conducted in accordance with the Convention on the Settlement of

Investment Disputes between States and Nationals of Other States (the "ICSID Convention").

Pursuant to Article 54 of the ICSID Convention and 22 U.S.C. § 1650a, arbitral awards issued

under the ICSID Convention are not subject to collateral attack and must be enforced and given

the same full faith and credit as if the award were a final judgment of a court in the United States.

Accordingly, Eiser requests that this Court (1) enter an order enforcing the Award in the same manner as a final judgment issued by a court of one of the several states, and (2) enter judgment in Eiser's favor in the amount of €128 million, together with interest from June 20, 2014 to May 4, 2017 at the rate of 2.07 percent, compounded monthly, and interest from May 4, 2017 to the date of payment in full at the rate of 2.50 percent, compounded monthly.

A certified copy of the Award is attached as Exhibit A to the Declaration of Matthew S. Rozen ("Rozen Decl."), Exhibit 1 hereto.  A copy of the ICSID Convention is attached hereto as Exhibit 2.[1]

## Parties

1.      Petitioner Eiser Infrastructure Limited is a private limited company incorporated under the laws of the United Kingdom.  Petitioner Energia Solar Luxembourg S.A.R.L. is a private limited liability company incorporated under the laws of Luxembourg.

2.      Respondent, the Kingdom of Spain, is a foreign state within the meaning of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1332, 1391(f), 1602-1611.

## Jurisdiction and Venue

3.      This Court has subject-matter jurisdiction over this action pursuant to the FSIA, 28 U.S.C. § 1330(a), because this is a "nonjury civil action against a foreign state" on a claim

---

[1] Eiser previously filed an *ex parte* petition to enforce the Award in the United States District Court for the Southern District of New York.  *See Eiser Infrastructure Limited and Energia Solar Luxembourg S.A.R.L.*, No. 1:17-cv-03808 (S.D.N.Y. May 19, 2017).  After the Second Circuit issued its decision in *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, 863 F.3d 96 (2d Cir. 2017), prohibiting enforcement of ICSID awards through *ex parte* proceedings, Eiser and Spain stipulated to the voluntary dismissal of the action without prejudice.

"with respect to which the foreign state is not entitled to immunity" under the FSIA.  Pursuant to Section 1605(a)(1) of the FSIA, Spain is not entitled to immunity from this Court's jurisdiction in an action to enforce an ICSID Convention award because it has waived that immunity by agreeing to the ICSID Convention.  *See Blue Ridge Investments, L.L.C. v. Republic of Argentina*, 735 F.3d 72, 84 (2d Cir. 2013).  Further, pursuant to Section 1605(a)(6) of the FSIA, Spain is not immune from suit because this is an action to enforce an arbitral award governed by the ICSID Convention, which is a treaty in force in the United States for the recognition and enforcement of arbitral awards.  *Id*. at 85.

4.      This Court also has subject-matter jurisdiction pursuant to 22 U.S.C. § 1650a(b), which provides that "[t]he district courts of the United States . . . shall have exclusive jurisdiction over actions and proceedings" to enforce awards entered under the ICSID Convention.

5.      This Court has personal jurisdiction over Spain pursuant to the FSIA, 28 U.S.C. § 1330(b).  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(f)(1) and (4).

6.      The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq*. does "not apply to enforcement of awards rendered pursuant to the [ICSID] convention."  22 U.S.C. § 1650a(a).  Thus, the FAA's jurisdictional requirements do not apply to this action.

## The Underlying Dispute

7.      Beginning in 2007, Spain adopted legislation with the goal of attracting investment in concentrated solar power projects within its territory.  Award ¶¶ 102-13 (Rozen Decl., Exhibit A).  In reliance on the financial incentives and inducements provided by these legislative measures, Eiser invested approximately €126 million in solar power projects in Spain's territory.  *Id*. ¶¶ 114-23, 474.  After a change in governmental leadership, Spain adopted a series of laws between 2012 and 2014 retrenching on, and eventually revoking, the economic

incentives on which Eiser had relied in investing in solar power projects. *Id.* ¶¶ 137-54. The rescission of these incentives caused substantial harm to the value of Eiser's investments. *Id.* ¶¶ 154, 365.

8.      Eiser's investments in solar power projects were protected by the Energy Charter Treaty ("ECT"), which "establish[es] a legal framework [for] promoting long-term cooperation in the energy field" and seeks to "creat[e] a stable . . . legal foundation for cross-border energy relations." Award ¶ 99 (Rozen Decl., Exhibit A); *see generally* ECT (Exhibit 3 hereto).

9.      Spain is a contracting party to the ECT,[2] and consented to submit disputes arising under that treaty to arbitration under the ICSID Convention. *See* ECT, art. 26(3)(a), (4)(a)(i) (Exhibit 3 hereto).

10.     Article 26(3)(a) of the ECT provides that "each Contracting Party hereby gives its unconditional consent to the submission of a dispute to international arbitration . . . in accordance with the provisions of this Article." Article 26(4)(a)(i) further provides that where "the Contracting Party of the Investor and the Contracting Party . . . to the dispute are both parties to the ICSID Convention," the dispute will be submitted for arbitration under that convention.

11.     Spain is a party to the ICSID Convention.[3] Eiser Infrastructure Limited and Energia Solar Luxembourg S.A.R.L. are investors under the ECT, and are incorporated under the laws of the United Kingdom and Luxembourg, respectively, both of which are also contracting parties to the ICSID Convention[4] and the ECT.[5] ECT, art. 1(7) (Exhibit 3 hereto); Award ¶ 2

---

[2]  https://energycharter.org/process/energy-charter-treaty-1994/energy-charter-treaty/signatories-contracting-parties/.

[3]  https://icsid.worldbank.org/en/Pages/icsiddocs/List-of-Member-States.aspx.

[4]  *Id.*

[5]  https://energycharter.org/process/energy-charter-treaty-1994/energy-charter-treaty/signatories-contracting-parties/.

(Rozen Decl., Exhibit A). Accordingly, Spain consented to arbitrate the underlying dispute pursuant to the ICSID Convention.

12.     On December 9, 2013, Eiser filed a request with the International Centre for Settlement of Investment Disputes ("ICSID") for arbitration under the ICSID Convention. Award ¶ 6 (Rozen Decl., Exhibit A). Eiser contended that Spain's legislative actions that resulted in the devaluation of Eiser's investments constituted a breach of Spain's obligations under the ECT. *Id*. ¶ 155.

13.     An ICSID arbitral tribunal (the "Tribunal") was constituted on July 8, 2014. Award ¶ 10 (Rozen Decl., Exhibit A). The Tribunal conducted a Hearing on Jurisdiction and Merits in Paris, France, from February 15 through February 20, 2016. *Id*. ¶ 73.

14.     On May 4, 2017, the Tribunal issued the Award, finding that Spain had breached its obligations under Article 10(1) of the ECT by failing to accord fair and equitable treatment to Eiser's investments within Spain's territory. Award ¶ 486(b) (Rozen Decl., Exhibit A).

15.     The Award requires Spain to pay €128 million as damages. Award ¶ 486(c) (Rozen Decl., Exhibit A). The Award further requires Spain to pay interest on the damages award at a rate of (1) 2.07 percent from June 20, 2014 to May 4, 2017, compounded monthly, and (2) 2.50 percent from May 4, 2017 until the Award is paid in full, compounded monthly. *Id*. ¶ 486(d).

16.     The ICSID Convention provides that a party may file an application for the annulment of an arbitral award with the ICSID Secretary-General and request a stay of enforcement during the annulment proceedings. *See* ICSID Convention, art. 52(1), (5) (Exhibit 2 hereto). If a party requests a stay of enforcement, the ICSID Convention provides that "enforcement shall be stayed provisionally" until the request for a stay has been decided. *Id*. art.

52(5).  If the request for a stay of enforcement is denied, the ICSID Convention provides that the provisional stay of enforcement is lifted and "[t]he award shall be binding on the parties" and "[e]ach party shall abide by and comply with the terms of the award," notwithstanding the pendency of an application for the annulment of the award.  *Id*. arts. 52(5), 53(1).

17.     After the Award was issued, Spain filed an application for annulment with the ICSID Secretary-General and requested a stay of enforcement for the pendency of the annulment proceedings.  On March 23, 2018, the *ad hoc* Committee established in accordance with the ICSID Convention to preside over the annulment proceedings issued a decision denying Spain's request for a stay of enforcement.  ICSID Convention, art. 52(3) (Exhibit 2 hereto).

18.     The *ad hoc* Committee also decided to "confirm[] and give[] full effect to [Eiser's] undertaking" to Spain (1) to promptly repay Spain any and all amounts received in satisfaction of the Award to the extent that the annulment application is successful; and (2) to not disburse or transfer any amounts received in satisfaction of the Award to its investors or to any third party while the annulment proceeding is ongoing (or thereafter, to the extent the annulment application is successful).  The *ad hoc* Committee directed Eiser to submit, with all necessary formalities, such undertaking to Spain.

19.     On May 8, 2018, Eiser submitted an undertaking to Spain in full compliance with the terms stated in the *ad hoc* Committee's order.  The undertaking was signed by the director of Eiser Infrastructure Limited and the three directors of Energia Solar Luxembourg S.A.R.L., who are duly authorized to bind their respective companies to the terms of the undertaking.

20.     Accordingly, as provided by the ICSID Convention, the *ad hoc* Committee's decision lifted the provisional stay on enforcement and rendered the Award binding and enforceable against Spain.  ICSID Convention, arts. 52(5), 53(1) (Exhibit 2 hereto).  Spain

objected that the undertaking signed by the directors of the Eiser entities did not meet the "necessary formalities," and on May 31, 2018, Spain requested that the *ad hoc* Committee reconsider its decision denying Spain's request for a stay of enforcement during the pendency of the annulment proceedings. The *ad hoc* Committee has not ruled on Spain's request or re-imposed a stay of enforcement. Also on May 31, 2018, Eiser requested that the *ad hoc* Committee confirm that the undertaking provided to Spain satisfies the "necessary formalities" and stated that, "[i]n the interim, the Eiser Parties reserve their right to commence appropriate enforcement actions against Spain should it continue to refuse to pay the Award."

21.     The annulment proceedings before the *ad hoc* Committee are ongoing as of the filing of this Petition.

## Legal Basis for Relief

22.     The ICSID Convention provides that contracting parties must "recognize an award rendered pursuant to [the] Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State." ICSID Convention, art. 54(1) (Exhibit 2 hereto). The ICSID Convention further provides that a contracting state "with a federal constitution may enforce such an award in or through its federal courts and may provide that such courts shall treat the award as if it were a final judgment of the courts of a constituent state." *Id*.

23.     The United States is a contracting party to the ICSID Convention and is therefore obligated to enforce the Award as if it were a final judgment of a court in the United States.[6] That obligation is fulfilled by 22 U.S.C. § 1650a, which provides:

(a) An award of an arbitral tribunal rendered pursuant to chapter IV of the convention shall create a right arising under a treaty of the United States. The

---

[6]   https://icsid.worldbank.org/en/Pages/icsiddocs/List-of-Member-States.aspx.

pecuniary obligations imposed by such an award shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States.  The Federal Arbitration Act (9 U.S.C. § 1 *et seq.*) shall not apply to enforcement of awards rendered pursuant to the convention.

24.    Arbitral awards issued against a foreign state pursuant to the ICSID Convention may be enforced by bringing a plenary action in federal court in compliance with the requirements for commencing a civil action under the Federal Rules of Civil Procedure, and with the personal jurisdiction, service, and venue requirements of the FSIA.  *See Micula v. Gov't of Romania*, 104 F. Supp. 3d 42, 49-50 (D.D.C. 2015); *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, 863 F.3d 96, 100, 117-18, 119-20 (2d Cir. 2017).

25.    Awards issued pursuant to the ICSID Convention are not subject to collateral attack in enforcement proceedings under 22 U.S.C. § 1650a.  "Member states' courts are … not permitted to examine an ICSID award's merits, its compliance with international law, or the ICSID tribunal's jurisdiction to render the award; under the Convention's terms, they may do no more than examine the judgment's authenticity and enforce the obligations imposed by the award."  *Mobil Cerro*, 863 F.3d at 102.  The ICSID Convention therefore "reflects an expectation that the courts of a member nation will treat the award as final."  *Id.*; *see also id.* at 118 (noting that an "ICSID award-debtor … [is] not … permitted to make substantive challenges to the award"); *see also* ICSID Convention, arts. 53(1), 54(1) (Exhibit 2 hereto).  Consistent with this mandate, 22 U.S.C. § 1650a(a) provides that the FAA "shall not apply to enforcement of awards rendered pursuant to the convention," thereby "mak[ing] [the FAA's defenses] unavailable to ICSID award-debtors in federal court proceedings."  *Mobil Cerro*, 863 F.3d at 120-21.  District courts thus enforce ICSID awards without allowing substantive challenges to enforcement of the awards.  *See, e.g.*, *Duke Energy Int'l Peru Investments No. 1 Ltd. v. Republic*

*of Peru*, 904 F. Supp. 2d 131, 132-34 (D.D.C. 2012); *Republic of Panama v. Jurado*, No. 8:12-cv-1647, Doc. 18 (M.D. Fla. June 13, 2013).

## Cause of Action and Request for Relief

26.     Arbitral awards issued pursuant to the ICSID Convention are subject to mandatory enforcement in the courts of the United States, which must give those awards the same full faith and credit as a final judgment issued by a state court.  22 U.S.C. § 1650a(a).

27.     The Award was rendered in accordance with the ICSID Convention against Spain and in Eiser's favor.  Eiser is therefore entitled to enforce the Award's pecuniary obligations against Spain.

28.     Accordingly, Eiser is entitled to an order (a) enforcing the Award in the same manner as a final judgment issued by a court of one of the several states, and (b) entering judgment in Eiser's favor in the amount specified in the Award.

29.     Eiser requests that the Court enter judgment in euros, which is the currency specified in the Award.  *See* Award ¶ 486(c) (Rozen Decl., Exhibit A).  This Court has authority to enter judgment in a foreign currency when requested by the judgment creditor.  *See Cont'l Transfert Technique Ltd. v. Federal Gov't of Nigeria*, 603 F. App'x 1, 4 (D.C. Cir. 2015); *Cont'l Transfert Technique Ltd. v. Federal Gov't of Nigeria*, 932 F. Supp. 2d 153, 158 (D.D.C. 2013), *aff'd*, 603 F. App'x 1 (D.C. Cir. 2015); *accord Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 220 (D.C. Cir. 2018).

WHEREFORE, Eiser requests that the Court enter an order:

(a) enforcing the Award against Spain in the same manner as a final judgment issued by a court of one of the several states; and

(b) entering judgment against Spain and in Eiser's favor in the amount of €128 million, together with interest from June 20, 2014 to May 4, 2017 at the rate of 2.07 percent, compounded monthly, and interest from May 4, 2017 to the date of payment in full at the rate of 2.50 percent, compounded monthly.

Dated: July 19, 2018                    Respectfully submitted,


/s/ Stuart F. Delery
_____

Stuart F. Delery, D.C. Bar #449890
sdelery@gibsondunn.com
Matthew McGill, D.C. Bar #481430
mmcgill@gibsondunn.com
Matthew S. Rozen, D.C. Bar #1023209
mrozen@gibsondunn.com
Benjamin Hayes, D.C. Bar #1030143
bhayes@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036
Telephone:    202.955.8500
Facsimile:    202.467.0539

*Attorneys for Eiser Infrastructure Limited and Energia Solar Luxembourg S.A.R.L.*