IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Eiser Infrastructure Limited and Energia Solar Luxembourg S.A.R.L., <br><br> *Petitioners*, <br><br> v. <br><br> Kingdom of Spain, <br><br> *Respondent*. | **Civil Action No. 1:18-cv-01686-CKK** |

## Joint Status Report

Pursuant to the Court's minute order dated January 15, 2020, Petitioners Eiser Infrastructure Limited and Energia Solar Luxembourg S.A.R.L. ("Eiser") and Respondent the Kingdom of Spain ("Spain") notify the Court of the following developments.

## I.     Status of ICSID Proceedings Related to this Case

On March 14-15, 2019, an *ad hoc* committee constituted by the International Center for the Settlement of Investment Disputes ("ICSID") held oral arguments on Spain's application to annul Eiser's arbitration award.  On January 3, 2020, the committee notified the parties that it expected to issue its final decision on annulment in the first half of February 2020.  Under the Convention on the Settlement of Investment Disputes between States and Nationals of Other States (ECF No. 1-2, the "ICSID Convention"), the committee's decision on annulment will be final and non-appealable.  ICSID Convention, art. 53(1).

## II.     Status of Similar Cases

The following actions to enforce arbitral awards against Spain are currently pending before this Court and the United States District Court for the Southern District of New York:

1.      *Novenergia II – Energy and Environment (SCA) v. Kingdom of Spain*, No. 1:18-cv-1148 (D.D.C. filed May 16, 2018) (Chutkan, J.) ("*Novenergia*"):   Petitioner seeks to confirm a EUR 53.3 million arbitral award, plus interest, issued against Spain pursuant to the rules of the Stockholm Chamber of Commerce Arbitration Institute ("SCC") in an arbitration seated in Sweden.  *Novenergia*, ECF No. 1, at 1 & ¶ 25.  Briefing on Spain's motion to dismiss the action was completed on April 30, 2019, *id.*, ECF No. 35, but the action was stayed by the district court on January 27, 2020, commensurate with the stay of enforcement entered by the Swedish Svea Court of Appeal while that court considers Spain's request to set aside the award, *id.*, ECF No. 43.

2.      *Infrastructure Services Luxembourg S.A.R.L. v. Kingdom of Spain*, 1:18-cv-1753 (D.D.C. filed July 27, 2018) (Sullivan, J.) ("*Infrastructure Services*"):   Petitioners seek to confirm a EUR 112 million arbitral award, plus interest and costs, issued against Spain pursuant to the ICSID Convention.  *Infrastructure Services*, ECF No. 1, at 9.  Briefing on Spain's motion to dismiss the action was completed on February 19, 2019, *id.*, ECF No. 25, but the action was stayed by the district court on August 28, 2019, commensurate with a provisional stay of enforcement entered pursuant to the ICSID Convention in connection with Spain's application to ICSID to annul the award, *id.*, ECF No. 36, at 6-7.  The parties advised the Court on October 22, 2019 that the *ad hoc* annulment committee constituted by ICSID to decide Spain's annulment application had declined to continue the stay of enforcement.  *Id.*, ECF No. 39.  The annulment committee is currently reviewing the merits of Spain's annulment application and is scheduled to conduct an oral hearing on the matter in November 2020.  *Id.*, ECF No. 38.

3.      *Masdar Solar & Wind Cooperatief U.A. v. Kingdom of Spain*, 1:18-cv-2254 (D.D.C. filed Sept. 28, 2018) (Boasberg, J.) ("*Masdar*"):   Petitioner seeks to confirm a EUR 64.5

million arbitral award, plus interest, issued against Spain pursuant to the ICSID Convention. *Masdar*, ECF No. 1, ¶ 1.  Briefing on Spain's motion to dismiss the action was completed on July 31, 2019, *id*., ECF No. 25, but the action was stayed by the district court on September 18, 2019, commensurate with a provisional stay of enforcement entered pursuant to the ICSID Convention in connection with Spain's application to ICSID to annul the award, *id*., ECF No. 28, at 1.  The ICSID annulment committee constituted to hear Spain's annulment application has not yet issued a decision on whether to continue the provisional stay.

4.    *Foresight Luxembourg Solar 1 S.A.R.L. v. Kingdom of Spain*, 1:19-cv-3171 (S.D.N.Y. removed from state court on April 11, 2019) (Ramos, J.) ("*Foresight*"):  Petitioners seek to confirm a EUR 39 million arbitral award, plus interest, issued against Spain pursuant to the SCC arbitration rules in an arbitration seated in Sweden.  *Foresight*, ECF No. 5-1, at 1-2, ¶ 24.  On February 21, 2019, the Swedish Svea Court of Appeal entered a stay of enforcement while it considers Spain's request to set aside the award.  *Id*., ECF No. 42, at 5; *id.*, ECF No. 12-1, at 2.  On May 22, 2019, Spain filed motions to transfer the case to the District of Columbia, *id.*, ECF No. 39, and to stay the case, commensurate with the stay entered by the Svea Court of Appeal, *id*., ECF No. 42.  Those motions have remained pending before the Court since briefing was completed on June 19, 2019.  *Id.*, ECF No. 58; ECF No. 59.

5.    *9Ren Holding S.A.R.L. v. Kingdom of Spain*, 1:19-cv-1871 (D.D.C. filed June 25, 2019) (Chutkan, J.) ("*9Ren*"):  Petitioner seeks to confirm a EUR 41.7 million arbitral award, plus interest, issued against Spain pursuant to the ICSID Convention.  *9Ren*, ECF No. 1, at 12. The parties are currently completing briefing on Spain's motion to dismiss, or stay, the proceedings, filed on January 15, 2020.  *Id.*, ECF No. 11.  Petitioner's response to that motion is

currently due February 14, 2020.  Spain has not yet filed an application to annul the award before ICSID.

6.      *NextEra Energy Global Holdings B.V. v. Kingdom of Spain*, 1:19-cv-1618 (D.D.C. filed June 3, 2019) (Chutkan, J.) ("*NextEra*"):  Petitioners seek to confirm a EUR 290.6 million arbitral award, plus interest, issued against Spain pursuant to the ICSID Convention. *NextEra*, ECF No. 1, at 10.  Briefing on Spain's motion to dismiss, or in the alternative, to stay proceedings, was completed on February 7, 2020.  *Id.*, ECF No. 26.  Enforcement of the award is provisionally stayed pursuant to the ICSID Convention in connection with Spain's application to ICSID to annul the award.  *Id.*, ECF No. 15, at 3.  The annulment committee constituted to hear Spain's annulment application has not yet issued a decision on whether to continue the provisional stay.

7.      *RREEF Infrastructure (G.P.) Limited v. Kingdom of Spain*, 1:19-cv-3783 (D.D.C. filed on December 19, 2019) (Nichols, J.) ("*RREEF*"):  Petitioners seek to confirm a EUR 59.6 million arbitral award, plus interest, issued against Spain pursuant to the ICSID Convention. *RREEF*, ECF No. 1, at 9.  The petition was filed on December 19, 2019.  Spain has not yet entered appearance before the Court or filed an annulment application before ICSID.

III.    **Parties' Discussion of a Stay Pending Conclusion of ICSID Proceedings**

Counsel for the parties have discussed whether the case should be stayed.  Eiser's position is that the case should not be stayed because the *ad hoc* committee constituted by ICSID to decide Spain's application to annul Eiser's arbitration award denied a stay of enforcement pending consideration of that petition, ECF No. 1 ¶ 17, and as noted *supra* at 1, the committee has notified the parties that it expected to issue its final decision on annulment in the first half of February 2020.  Spain is not taking a position on whether to seek a stay of enforcement at this time.

**IV.      Changes in Circumstances, Changes of Law and Other Developments**

*Tatneft* Decision:  The parties' briefs discuss this Court's decision in *Tatneft v. Ukraine*, 301 F. Supp. 3d 175 (D.D.C. 2018), and the D.C. Circuit's affirmance of that decision in *Tatneft v. Ukraine*, 771 F. App'x 9 (D.C. Cir. 2019) (per curiam).  *See* ECF No. 23 ("MTD Opp."), at 12; ECF No. 27, at 5 fn. 2 ("Spain MTD Reply"); ECF No. 45 (Eiser Notice of Supplemental Authority); ECF No. 46 (Spain Response to Supplemental Authority); ECF No. 47 (Eiser Reply to Notice).  On July 29, 2019, Ukraine petitioned the D.C. Circuit for *en banc* rehearing of its decision in *Tatneft*.  Petition for Rehearing and Rehearing En Banc, *Tatneft v. Ukraine*, No. 18-7057, Doc. 1799592 (D.C. Cir. July 29, 2019).  The D.C. Circuit denied Ukraine's petition on September 16, 2019.  Order, *Tatneft v. Ukraine*, No. 18-7057, Doc. 1806646 (D.C. Cir. Sept. 16, 2019).  Ukraine then filed a petition for writ of *certiorari* before the Supreme Court on November 12, 2019.  Petition for Writ of Certiorari, *Ukraine v. Tatneft*, No. 19-606 (U.S. Nov. 12, 2019).  The Supreme Court denied Ukraine's petition on January 13, 2020.  *Ukraine v. Tatneft*, -- S. Ct. --, 2020 WL 129630 (Jan. 13, 2020).  On January 28, 2020, the D.C. Circuit issued a mandate to the lower court, finalizing its judgment on the matter.  Mandate, *Tatneft v. Ukraine*, No. 18-7057, Doc. 1826002 (D.C. Cir. Jan. 28, 2020).  The D.C. Circuit's decision is accordingly now final and non-appealable.

Other Developments:  Eiser submits that the following additional developments are relevant to the issues before this Court.  Spain does not consider these developments to be changes in the law or otherwise relevant to the narrow and specific issues before this Court.

1.      *CETA* Decision:  Eiser's brief discusses the opinion issued by the Advocate General to the Court of Justice of the European Union ("CJEU") addressing the dispute resolution provision of the Comprehensive Economic and Trade Agreement Between Canada of

the One Part, and the EU and Its Member States, of the Other Part, Oct. 30, 2016 ("CETA").[1]
*See* ECF No. 38, at 9 ("Eiser Supplemental Br."); *see also* ECF No. 40 ¶¶ 54-56 & nn.58-59
(Second Expert Declaration of Sir Alan Dashwood).   The Advocate General concluded that
CETA's applicable law provision—which calls for an arbitral tribunal to resolve treaty disputes
based on application of the agreement itself and other applicable "rules and principles of
international law," CETA, art 8.31(1)—is consistent with European Union ("EU") EU law and
with   the   CJEU's   decision   in   Case   C-284/16,   *Slovak   Republic   v.   Achmea   BV*,
ECLI:EU:C:2018:158 (Mar. 6, 2018) ("*Achmea*"), ECF No. 23-1, because it does not authorize a
CETA tribunal to "apply internal EU law, rather merely the provisions of the CETA," Opinion of
Advocate General Bot, Court of Justice, Opinion 1/17, Request for an opinion by the Kingdom
of Belgium, ECLI:EU:C:2019:72, ¶ 167 (Jan. 29, 2019).

On April 30, 2019, the CJEU issued a decision adopting in full the Advocate General's
opinion relied on by Eiser and concluding that art. 8.31(1) is compatible with EU law.  Opinion
1/17 of the Court (Full Court), ECLI:EU:C:2019:341 (Apr. 30, 2019) ("*CETA* Decision") (Ex. 1
hereto).  The decision states that "the power of interpretation and application conferred on [a
CETA   arbitration]   Tribunal   is   confined   to   the   provisions   of   the   CETA   and   that   such
interpretation or application must be undertaken in accordance with … international law," not
EU law, and therefore "must … be distinguished from the investment agreement at issue in …
*Achmea*," which authorized a tribunal "to give rulings on disputes that might concern the
interpretation or application of EU law."  *Id.* ¶¶ 122, 126.

---

[1]   https://www.international.gc.ca/trade-commerce/trade-agreements-accords-
commerciaux/agr-acc/ceta-aecg/index.aspx?lang=eng.

2.     Arbitral Decisions Addressing *Achmea* and the Energy Charter Treaty ("ECT"): To date, 17 publicly available arbitral decisions have addressed the application of the *Achmea* to intra-EU arbitration under the ECT.  Eiser's response to Spain's motion to dismiss cited all 4 arbitration awards addressing the issue that were publicly available at the time.  MTD Opp. 27. Since Petitioners filed their response, 13 additional arbitration decisions addressing the issue have been made public.  All 17 awards have held that as a matter of international law, *Achmea*'s limitations on arbitration of intra-EU investment disputes do not preclude arbitration of disputes arising under the ECT.[2]

---

[2]  *See* MTD Opp. 27; *Cube Infrastructure Fund SICAV v. Kingdom of Spain*, ICSID Case No. ARB/15/20, Decision on Jurisdiction, Liability and Partial Decision on Quantum (Feb. 19, 2019) (Ex. 2 hereto), ¶¶ 118-60; *Landesbank Baden-Württemberg v. Kingdom of Spain*, ICSID Case No. ARB/15/45, Decision on the "Intra-EU" Jurisdictional Objection (Feb. 25, 2019) (Ex. 3 hereto), ¶¶ 88-194; *Eskosol S.p.A. in liquidazione v. Italian Republic*, ICSID Case No. ARB/15/50, Decision on Italy's Request for Immediate Termination and Italy's Jurisdictional Objection Based on Inapplicability of the Energy Charter Treaty to Intra-EU Disputes (May 7, 2019) (Ex. 4 hereto), ¶¶ 167-77; *NextEra Energy Global Holdings B.V. v. Kingdom of Spain*, ICSID Case No. ARB/14/11, Decision on Jurisdiction, Liability and Quantum Principles (Mar. 12, 2019) (Ex. 5 hereto), ¶¶ 332-57; *9REN Holding S.a.r.l v. Kingdom of Spain*, ICSID Case No. ARB/15/15, Award (May 31, 2019) (Ex. 6 hereto), ¶¶ 146-58; *Rockhopper Italia S.p.A., Rockhopper Mediterranean Ltd. v. Italian Republic*, ICSID Case No. ARB/17/14, Decision on the Intra-EU Jurisdictional Objection (June 26, 2019) (Ex. 7 hereto), ¶¶ 141-97; *SolEs Badajoz GmbH v. Kingdom of Spain*, ICSID Case No. ARB/15/38, Award (July 31, 2019) (Ex. 8 hereto), ¶¶ 223-37; *Belenergia S.A. v. Italian Republic*, ICSID Case No. ARB/15/40, Award (Aug. 6, 2019) (Ex. 9 hereto), ¶¶ 288-340; *OperaFund Eco-Invest SICAV PLC v. Kingdom of Spain*, ICSID Case No. ARB/15/36, Award (Sept. 6, 2019) (Ex. 10 hereto), ¶¶ 378-388; *BayWa r.e. Renewable Energy GmbH v. Kingdom of Spain*, ICSID Case No. ARB/15/16, Decision on Jurisdiction, Liability and Directions on Quantum (Dec. 2, 2019) (Ex. 11 hereto), ¶¶ 244-83; *Stadtwerke München GmbH v. Kingdom of Spain*, ICSID Case No. ARB/15/1, Award (Dec. 2, 2019) (Ex. 12 hereto), ¶¶ 123-46; *RWE Innogy GmbH and RWE Innogy Aersa S.A.U. v. Kingdom of Spain*, ICSID Case No. ARB/14/34, Decision on Jurisdiction, Liability and Certain Issues of Quantum (Dec. 30, 2019) (Ex. 13 hereto), ¶¶ 326-40; *Watkins Holdings SARL et al v. Kingdom of Spain*, ICSID Case No. ARB/15/44, Award (Jan. 21, 2020) (Ex. 14 hereto), ¶¶ 180-226.

Dated: February 12, 2020                 Respectfully submitted,


EISER INFRASTRUCTURE LIMITED            KINGDOM OF SPAIN
AND ENERGIA SOLAR
LUXEMBOURG S.A.R.L.


By its attorneys,                        By its attorneys,

/s/ Stuart F. Delery                     /s/ Joseph D. Pizzurro

Stuart F. Delery (D.C. Bar #449890)      Joseph D. Pizzurro (D.C. Bar #468922)
sdelery@gibsondunn.com                   jpizzurro@curtis.com
Matthew McGill (D.C. Bar #481430)        Kevin A. Meehan (D.C. Bar #1613059)
mmcgill@gibsondunn.com                   kmeehan@curtis.com
Matthew S. Rozen (D.C. Bar #1023209)     CURTIS, MALLET-PREVOST, COLT &
mrozen@gibsondunn.com                        MOSLE, LLP
Ankita Ritwik (D.C. Bar #1024801)        1717 Pennsylvania Avenue, N.W.
aritwik@gibsondunn.com                   Washington, D.C. 20006
GIBSON, DUNN & CRUTCHER LLP              Tel.: (202) 452-7373
1050 Connecticut Avenue, N.W.            Fax: (202) 452-7333
Washington, D.C. 20036
Tel.:  (202) 955-8500
Fax:  (202) 467-0539                     *Attorneys for the Kingdom of Spain*

*Attorneys for Eiser Infrastructure Limited
and Energia Solar Luxembourg S.A.R.L.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on February 12, 2020, I caused the foregoing Joint Status Report to be filed with the Clerk for the U.S. District Court for the District of Columbia through the ECF system.  Participants in the case who are registered ECF users will be served through the ECF system, as identified by the Notice of Electronic Filing.

/s/ Stuart F. Delery
Stuart F. Delery
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500
sdelery@gibsondunn.com