IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Eiser Infrastructure Limited and Energia Solar Luxembourg S.A.R.L.,

        *Petitioners*,

v.

Kingdom of Spain,

        *Respondent*.

Civil Action No. 1:18-cv-01686-CKK

## Joint Status Report

Pursuant to the Court's minute order dated July 28, 2020, Petitioners Eiser Infrastructure Limited and Energia Solar Luxembourg S.A.R.L. ("Eiser") and Respondent the Kingdom of Spain ("Spain") (together, the "Parties") notify the Court of the following developments.

On July 26, 2020, Eiser filed an application under Article 49(2) of the ICSID Convention seeking relief from the ad hoc committee's decision on annulment.

Eiser's position remains that dismissal at this point would be premature and that the Court should postpone entry of judgment until the ad hoc committee decides Eiser's request. Spain raises the merits of Eiser's application, but the substance of the application is for the committee to decide based on its authoritative interpretation of the ICSID Convention. Spain is also wrong to describe Article 49(2) as providing for "clarification of certain omissions and clerical errors." Article 49(2) provides that the committee may "decide *any question which it had omitted to decide in the award*." ICSID Convention, art. 49(2) (emphasis added). If the ad hoc committee decides in Eiser's favor on the questions raised by Eiser's application, it can—and as argued in the application, should—modify its decision on annulment. In any event, even if the committee ultimately were to disagree, there is no possible harm to Spain in awaiting the

1

committee's decision prior to entry of judgment in this case. If the Court adopts Eiser's view, it should direct the Parties to file a joint status report within 3 days of the ad hoc committee's decision on Eiser's application.

Spain's position remains that the *ad hoc* committee's decision annulling the Award in its entirety is final and non-appealable and that this case must therefore be dismissed with prejudice. Eiser shared this position until very recently. Before the *ad hoc* committee issued its decision, Eiser told the Court that "the committee's decision on annulment will be final and non-appealable." ECF No. 50 at p. 1 (Feb. 12, 2020). After the *ad hoc* committee issued its decision annulling the Award in its entirety, Eiser "agree[d] that this case should be dismissed" because, as the Court itself observed, "the *ad hoc* committee's decision is 'final and non-appealable' and moots this case." ECF. No. 52 (June 15, 2020) (citing Order, ECF No. 51 (Feb. 13, 2020)). Despite repeatedly and accurately stating that the ICSID Convention does not permit any appeals from a decision on annulment, Eiser is now pursuing a frivolous appeal of the *ad hoc* committee's final non-appealable decision under the guise of an application pursuant to Article 49(2) of the ICSID Convention. Eiser's application does not stay the effect of the *ad hoc* committee's decision – the Award has been annulled in its entirety. Moreover, while Article 49(2) provides for clarification of certain omissions and clerical errors, it does not provide a basis for appealing or overturning the *ad hoc* committee's decision or otherwise reinstating the Award. Eiser's abuse of the ICSID Convention's procedures should not be rewarded by this Court. Rather, this Court should do what everyone previously agreed must be done – dismiss this case. *See* Minute Order (June 29, 2020) ("The parties therefore agree that this case should be dismissed. … [T]he Court does not see why this suit cannot be dismissed with prejudice as to this particular arbitral award ….").

Dated: July 30, 2020                                   Respectfully submitted,

EISER INFRASTRUCTURE LIMITED                           KINGDOM OF SPAIN
AND ENERGIA SOLAR
LUXEMBOURG S.A.R.L.

By its attorneys,                                      By its attorneys,

/s/ Stuart F. Delery                                   /s/ Joseph D. Pizzurro

Stuart F. Delery (D.C. Bar #449890)                    Joseph D. Pizzurro (D.C. Bar #468922)
sdelery@gibsondunn.com                                 jpizzurro@curtis.com
Matthew McGill (D.C. Bar #481430)                      Kevin A. Meehan (D.C. Bar #1613059)
mmcgill@gibsondunn.com                                 kmeehan@curtis.com
Matthew S. Rozen (D.C. Bar #1023209)                   CURTIS, MALLET-PREVOST, COLT &
mrozen@gibsondunn.com                                      MOSLE, LLP
Ankita Ritwik (D.C. Bar #1024801)                      1717 Pennsylvania Avenue, N.W.
aritwik@gibsondunn.com                                 Washington, D.C. 20006
GIBSON, DUNN & CRUTCHER LLP                            Tel.: (202) 452-7373
1050 Connecticut Avenue, N.W.                          Fax: (202) 452-7333
Washington, D.C. 20036
Tel.: (202) 955-8500
Fax: (202) 467-0539                                    *Attorneys for the Kingdom of Spain*

*Attorneys for Eiser Infrastructure Limited
and Energia Solar Luxembourg S.A.R.L.*

**CERTIFICATE OF SERVICE**

  I hereby certify that, on July 30, 2020, I caused the foregoing Joint Status Report to be filed with the Clerk for the U.S. District Court for the District of Columbia through the ECF system. Participants in the case who are registered ECF users will be served through the ECF system, as identified by the Notice of Electronic Filing.

                /s/ Stuart F. Delery
                Stuart F. Delery
                GIBSON, DUNN & CRUTCHER LLP
                1050 Connecticut Avenue, N.W.
                Washington, D.C. 20036
                (202) 955-8500
                sdelery@gibsondunn.com