IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Eiser Infrastructure Limited and Energia Solar Luxembourg S.A.R.L., <br><br> *Petitioners*, <br><br> v. <br><br> Kingdom of Spain, <br><br> *Respondent*. | Civil Action No. 1:18-cv-01686-CKK |

## Joint Status Report

Pursuant to the Court's order dated August 5, 2020, Petitioners Eiser Infrastructure Limited and Energia Solar Luxembourg S.A.R.L. ("Eiser") and Respondent the Kingdom of Spain ("Spain") (together, the "Parties") notify the Court of the following developments.

On July 26, 2020, Eiser filed an application under Article 49(2) of the ICSID Convention seeking relief from the ad hoc committee's decision on annulment. Spain filed its observations in response to Eiser's Article 49 application on August 14, 2020. Eiser filed a response to Spain's observations on August 21, 2020. Spain filed a reply to Eiser's responsive brief on August 28, 2020. On August 31, 2020, Eiser filed an Application for Disqualification seeking to disqualify the chair of the ad hoc committee. Although a telephonic hearing on Eiser's Article 49 application was scheduled for September 14, 2020, ICSID temporarily suspended the proceedings under Article 49(2) pending a ruling on Eiser's Application for Disqualification. ICSID established a briefing schedule for Eiser's Application for Disqualification that calls for briefing to be complete by September 25, 2020 at the latest.

Eiser's position remains that dismissal would be premature and that the Court should postpone entry of judgment until the ad hoc committee decides Eiser's application under Article

49(2).  Eiser agrees that any motions practice should be deferred until the committee has resolved its application under Article 49(2).  In light of the consensus on that point, there is no need for this Court to consider the merits arguments that Spain raises in this status report.  In any event, Eiser reiterates its view, as stated in its opposition to Spain's motion to dismiss, ECF No. 23, and prior status updates, ECF Nos. 53 & 54, that this Court has subject matter jurisdiction under the Foreign Sovereign Immunities Act, and that Eiser's application under Article 49(2) could result in the committee modifying its decision on annulment.

Spain's position remains that this Court lacks subject matter jurisdiction under the FSIA and that this case should be dismissed.  While the Court denied Spain's motion to dismiss without prejudice, Spain's position is that this Court continues to lack subject matter jurisdiction based on the absence of a valid and enforceable arbitration agreement in light of *Slovak Republic v. Achmea B.V.*, CJEU Case C-284/16, 2018, ECLI:EU:C:2018:158.  Spain stands on the motion to dismiss already filed in this case and all of the papers filed in support of that motion, and Spain is prepared to refile the motion if the Court so desires.  *See, e.g.,* ECF Nos. 16, 27 and 31.  Spain also reiterates its position that the *ad hoc* committee's decision annulling the Award in its entirety is final and non-appealable. Eiser's application pursuant to Article 49(2) of the ICSID Convention does not stay the effect of the *ad hoc* committee's decision.  Even Eiser does not assert, as it cannot, that its Article 49(2) application could result in overturning the annulment of the Award.  The fact that Eiser has no enforceable award is an additional reason why this Court lacks subject matter jurisdiction under the FSIA and therefore must dismiss this proceeding.

Nevertheless, in the interest of judicial economy, Spain agrees to defer a formal refiling of its motion to dismiss for lack of jurisdiction under the FSIA, as well as further briefing on the effect of Eiser's Article 49(2) application, and a stay of further proceedings in this case pending

the outcome of an ICSID decision on the matter. Such a deferral of further briefing, and a stay, is the most efficient path forward at this time.

Spain reserves all rights, defenses and immunities – including its jurisdictional immunity under the FSIA – and waives none.

Dated: September 3, 2020

Respectfully submitted,

| | |
|---|---|
| EISER INFRASTRUCTURE LIMITED AND ENERGIA SOLAR LUXEMBOURG S.A.R.L. | KINGDOM OF SPAIN |
| By its attorneys, | By its attorneys, |
| /s/ Stuart F. Delery | /s/ Joseph D. Pizzurro |
| Stuart F. Delery (D.C. Bar #449890) sdelery@gibsondunn.com Matthew McGill (D.C. Bar #481430) mmcgill@gibsondunn.com Matthew S. Rozen (D.C. Bar #1023209) mrozen@gibsondunn.com Ankita Ritwik (D.C. Bar #1024801) aritwik@gibsondunn.com GIBSON, DUNN & CRUTCHER LLP 1050 Connecticut Avenue, N.W. Washington, D.C. 20036 Tel.: (202) 955-8500 Fax: (202) 467-0539 | Joseph D. Pizzurro (D.C. Bar #468922) jpizzurro@curtis.com Kevin A. Meehan (D.C. Bar #1613059) kmeehan@curtis.com CURTIS, MALLET-PREVOST, COLT & MOSLE, LLP 1717 Pennsylvania Avenue, N.W. Washington, D.C. 20006 Tel.: (202) 452-7373 Fax: (202) 452-7333 |
| *Attorneys for Eiser Infrastructure Limited and Energia Solar Luxembourg S.A.R.L.* | *Attorneys for the Kingdom of Spain* |

## CERTIFICATE OF SERVICE

I hereby certify that, on September 3, 2020, I caused the foregoing Joint Status Report to be filed with the Clerk for the U.S. District Court for the District of Columbia through the ECF system. Participants in the case who are registered ECF users will be served through the ECF system, as identified by the Notice of Electronic Filing.

/s/ Stuart F. Delery
Stuart F. Delery
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500
sdelery@gibsondunn.com